IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRIS ALARIC WARE,<br>    Plaintiff | * |
| | * |
| v. | CIVIL ACTION NO. RDB-12-36 |
| | * |
| JOHN S. WOLFE, et al,<br>    Defendants | * |

******

**MEMORANDUM OPINION**

Pending is self-represented Plaintiff Darris Alaric Ware's ("Ware") prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Defendants John S. Wolfe, Shalawnda Suggs, Dan Bickford, and Stephen Shiloh, by their counsel, have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment with unverified exhibits. ECF No. 10. Ware has filed a Reply. ECF No. 14. For reasons to follow, Defendants' Motion will be DENIED with leave to amend within twenty-eight days.

**BACKGROUND**

In this Complaint, filed on January 4, 2012, Ware is disputing the failure to return him to his prison job in the workshop at Jessup Correctional Institution (JCI) and claims he was transferred to Western Correctional Institution in retaliation for filing this action. His first claim is that Defendants violated his right to due process and equal protection under the Eighth and Fourteenth Amendments by failing to take the necessary action to return him to his job at the JCI woodshop after an incident where contraband was discovered. ECF No. 1 at 3, 6-11. Ware was subsequently cleared of involvement but not returned to the workshop. In correspondence sent to this Court dated February 18, 2012, Ware also alleged that he was transferred from JCI to WCI after he filed this Complaint. ECF Document No. 9. As relief, Ware wants compensatory

and punitive damages and unspecified injunctive and declaratory relief. *See id.*

## DISCUSSION

Defendants cite security reasons and Ware's 2012 rule violation for fabricating information to refute Ware's claims. Defendants, however, fail to provide any verified exhibits in support of their dispositive motion. Ware claims the document on which his rule violation was predicated (ECF No. 10 Exhibit 5) was falsified by Defendants, noting he did not sign the allegedly fabricated document and his transfer in 2012 was based on a 2011 rule violation. ECF No. 14.

Viewing the facts and all reasonable inferences in the light most favorable to Plaintiff, as it must, this Court finds genuine disputes as to material facts are presented. As such, Defendants' Motion (ECF NO. 10) will be denied with leave to refile within twenty-eight days with verified exhibits which shall include, but shall not be limited to, affidavits from Defendants and copies of records related to Plaintiff's 2011 rule violation. If Defendants choose to refile their dispositive motion, Plaintiff will be granted additional time to respond. A separate Order follows.


November 30, 2012           _____/s/_____
Date                                       RICHARD D. BENNETT
                                           UNITED STATES DISTRICT JUDGE