IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRIS ALARIC WARE, #254-855 *
Plaintiff
*
v. CIVIL ACTION NO. RDB-12-36
*
JOHN S. WOLFE, et al,
Defendants *
******

**MEMORANDUM OPINION**

Pending is the self-represented Plaintiff Darris Alaric Ware's ("Ware") Complaint under 42 U.S.C. § 1983. (ECF No. 1). Defendants, John S. Wolfe, Shalawnda Suggs, Dan Bickford, and Stephen Shiloh, by their counsel, have filed a second Motion to Dismiss or, in the Alternative, for Summary Judgment with verified exhibits, (ECF No. 18), to which Ware has filed an opposition (ECF Nos. 22-24).[1] No hearing is needed to resolve the issues presented. *See* Local Rule 106.5 (D. Md. 2011). Defendants' pleading (ECF No. 18) will be treated as a Motion for Summary Judgment and GRANTED for reasons to follow.[2]

**BACKGROUND**

Ware, an inmate formerly incarcerated at Jessup Correction Institution (JCI), and currently at Western Correctional Institution, claims Defendants violated his right to due process and equal protection under the Eighth and Fourteenth Amendments by subjecting him to discrimination, harassment, and defamation of character by failing to take the necessary actions to return him to his prison job at the JCI woodshop after contraband was discovered there. (ECF

[1] Defendants' first Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 10) was denied with leave to refile. (ECF No. 17).

[2] Ware has also filed a Motion for Appointment of Counsel (ECF No. 22). Ware fails to allege extraordinary circumstances to warrant appointment, the issues presented are not unduly complex, and he has adequately articulated his claims. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v U.S. District Court*, 490 U.S. 296, 298 (1989); *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978). Accordingly, the Motion for Appointment of Counsel will be denied by separate order.

No. 1 at 3, 6-11). Ware has alleged in correspondence that he was transferred from JCI to WCI, in retaliation for his having filed this Complaint. (ECF No. 9). As redress, he is demanding compensatory and punitive damages and injunctive and declaratory relief (ECF No. 1).

## I. FACTS

The following facts are uncontroverted. On April 8, 2011 a "large quantity of contraband" including cell phones, CDs, DVDs and tobacco, was found at the JCI workshop vehicle sally port. (ECF No. 18, Exhibit 1). Ware was identified as one of several clerks with access to the shipment and reassigned to administrative segregation pending investigation. (ECF No. 18, Exhibits 1-3). Ware was subsequently cleared of involvement. (ECF No. 18, Exhibit 1). On June 15, 2011, Captain Shalawnda Suggs, the investigation supervisor, recommended that "[d]ue to inmate Ware's maximum security level [3] that requires more intensive supervision it is recommended that hes [sic] not return to the MCE Shops." *Id*. Ware claims several inmates initially assigned to administrative segregation and later cleared of involvement were reassigned to the prison woodshop, but he was not. (ECF No. 1, Exhibit A). Further, he claims that he was transferred from JCI to WCI in retaliation for filing the instant Complaint. (ECF No. 9).

Defendants respond that Ware was found guilty of rule violations involving falsification of information and he was transferred as a matter of security. Specifically, on October 24, 2011, Ware submitted a memorandum to Captain McDonald, supervisor of F-Building at JCI, stating that he and several other inmates attended a "MRSA/Bloodspill" course and were "MRSA/Blood spill certified." (ECF No. 18, Exhibit 5). The letter requested updating inmate files to reflect the certification and document the pay increase available based on certification. *See id*. Ware's prison pay was increased as a result. ECF No. 18, Exhibit 12. The veracity of the information in

[3] In 1999, Ware was convicted of two counts of first-degree murder and related handgun offenses and was sentenced to life without parole in the Circuit Court for Anne Arundel County in Case Number: 02K98001096. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K98001096&loc=60&detaiLoc=K.

that memorandum was called into question by prison officials, and Ware was placed on administrative segregation pending review for "possible fraudulent payment … and being MRSA qualified." (ECF No. 18, Exhibit 6; *see also* Exhibits 7- 8, 12).[4] After Ware was found guilty of violating prison rules on this basis (ECF No. 18, Exhibit 9), Warden Wolfe instructed"[Ware] should not be considered for any sensitive positions which would allow him to manipulate the system for payroll or otherwise." *Id*. Further, Warden Wolfe recommended removing Ware from the prison bank job and transferring him to a maximum security facility. *See id*. Ware denies falsifying information and observes that his signature was not on the memorandum he sent to Captain McDonald. (ECF No. 14, p. 11; *see also* ECF No. 18, Exhibit 5).

**STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis of its motions and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. When considering a motion for summary

[4] Case management staff had neither prepared nor approved Ware's pay increase. (ECF No. 18, Exhibit 12). Investigation found this allowed ineligible inmates to "unlawfully gain the system and reflect a negative image on this facility. *See id.* p. 3. Defendants' exhibits indicate that Ware completed the "MSRA-bloodspill" class in October of 2011. *See id*. p. 6.

judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *See id*. at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court also has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir.1993). When a motion for summary judgment is properly made and supported, the nonmoving party must set out specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *See Anderson*, 477 U.S. at 249–50. A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citations omitted). Mindful that Ware is proceeding pro se, this Court must liberally construe his pleadings *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (finding that court must hold pleadings filed by a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers). This Court cannot ignore, however, a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Department of Social Services* , 901 F.2d 387, 391 (4th Cir.1990).

**DISCUSSION**

**A. Prison Job**

**1. Due Process Claim**

The Due Process Clause of the Fourteenth Amendment "protects persons against

deprivations of life, liberty, or property." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of the guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Id*. (citation omitted). "[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system," and accordingly, prisoners have limited liberty interests. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995). "The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," although "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations." *Wilkinson*, 545 U.S. at 221–22.

"[T]he touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.' " *Wilkinson*, 545 U.S. at 222 (quoting *Sandin*, 515 U.S. at 484). In cases where a restraint does not lengthen a sentence, the appropriate inquiry is whether it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

" [T]he classifications and work assignments of prisoners ... are matters of prison administration, within the discretion of the prison administrators...." *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978); *see also Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); *Weinberger v. United States*, 268 F.3d 346, 361 n. 6 (6th Cir. 2001) (discretion vested in corrections officials to set conditions of

prison employment precludes implication of a liberty interest); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (same); *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (no property interest in prison employment); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned a particular job). In sum, Ware had no liberty interest in keeping his prison job. In the absence of a cognizable constitutional claim, Defendants are entitled to summary judgment in their favor as a matter of law as to this claim.

**2. Equal Protection Claim**

Ware next claims Defendants violated his right to equal protection failing to return him to the workshop with other exonerated inmates. To succeed on an equal protection claim, Ware must show that he was treated differently from others who were similarly situated and that the unequal treatment resulted from intentional or purposeful discriminatory animus. To meet this requirement, he must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). Upon satisfying this requirement, he must allege facts that, if "true, would demonstrate that the disparate treatment lacks justification under the requisite level of scrutiny." *Veney v. Wyche*, 293 F.3d 726, 731 (4th Cir. 2002).

Ware fails to demonstrate the other inmates were similarly situated or that the failure to reassign him to the woodshop was made with discriminatory animus. He was not returned to his prison job at JCI because he was suspected of initiating and receiving fraudulent prison salary payments. As such, Ware has failed to allege the necessary elements of an equal protection claim: that he was treated differently from similarly situated inmates with respect to a constitutionally protected right or interest, and that the different treatment was the result of Defendants' discrimination. Accordingly, summary judgment will be entered in favor of

Defendants.

**B. Retaliatory Transfer**

In order to bring a claim of retaliation, an inmate must show the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). The Fourth Circuit has explained:

> Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Thus, a showing of adversity is essential to any retaliation claim.

*ACLU of Maryland, Inc. v. Wicomico County*, 999 F.2d 780, 785 (4th Cir. 1993). In the prison context, such claims are treated with skepticism because " '[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.' " *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adam*s, 40 F.3d at 74).

Because classification and transfer decisions do not implicate a protected liberty interest or state a claim under § 1983, *see Meachum v. Fano*, 427 U.S. 270 (1976); *Paoli v. Lally*, 812 F.2d 1489, 1492–93 (4th Cir. 1987), an inmate has no liberty interest in being housed in any particular facility, *see Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983). The Constitution confers no liberty interest on inmates retaining or receiving a particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed. *See Slezack v. Evatt*, 21 F. 3d 590, 594 (4th Cir. 1994).[5] Ware fails to demonstrate the claimed retaliatory action, *i.e*. his transfer to a maximum security facility, was taken in response to the exercise of a constitutionally protected right or that the action itself violated such a right. Consequently,

5 In his opposition, Ware claims for the first time that he was denied due process because when his good conduct credits were rescinded. (ECF No 24). He may raise this claim in a separate Complaint.

Defendants are entitled to summary judgment in their favor

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 18) will be granted. Judgment will be entered in favor of Defendants and against Plaintiff. A separate Order follows.

April 25, 2013
Date

__________/s/______________________
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE